**RAPIDES DRUG CO., Limited, v. INN PHARMACY, Inc. (AVOYELLES TRUST & SAVINGS BANK, Garnishee).**

**No. 4760.**

Court of Appeal of Louisiana.
Second Circuit.

June 4, 1934.

Couvillon & Couvillon, of Marksville, for appellant.

Joffrion & Bordelon, of Marksville, for appellee.

DREW, Judge.

The Rapides Drug Company, Limited, secured a judgment against the Inn Pharmacy, Incorporated, after which it issued a fi. fa. and garnisheed the Avoyelles Trust & Savings Bank in an attempt to reach four certificates of indebtedness alleged to have been issued to the Inn Pharmacy, Incorporated, in settlement of a deposit the Inn Pharmacy, Incorporated, had with the Citizens' Bank & Trust Company, which had been in liquidation and taken over by the Avoyelles Trust & Savings Bank. The four certificates were made payable January 1, 1932, 1933, 1934, and 1935.

The garnishee answered the interrogatories in regard to the certificates denying that it held any funds of the Inn Pharmacy, Incorporated, or was indebted unto it in any amount, as follows:

"V. In answer to interrogatory five, respondent alleges that it did issue to and in the name of the Inn Pharmacy, Inc., four certificates representing 70% of its deposit, two of said certificates being for $105.65 each, or within a few cents of said amount, due respectively December 1, 1932, and December 1, 1933, and two for $158.53 each, or within a few cents of said amount.

"Shows further that a few days after the Avoyelles Trust & Savings Bank, which took over the affairs of the Citizens Bank & Trust Company on said 70% basis, opened for business, Mr. Nestor Laborde, Manager of the Inn Pharmacy, Inc., called at the Marksville office of your respondent and asked about said certificates of deposit. He was informed that your respondent was holding said certificates against an indebtedness due by the Inn Pharmacy, Inc., to your respondent in the sum of $1469.08, and was informed that said certificates would be offset and credited on said note to which he readily agreed.

"Shows further that on September 7, 1932, respondent matured said certificates and credited the indebtedness of $1469.08 owed to it by the Inn Pharmacy, Inc., with the face value of said certificates which was the sum of $528.24.

"Shows further that in addition to the pledge of said certificates which your respondent held by reason of said agreement with Nestor Laborde, Manager of the Inn Pharmacy, Inc., to further secure the indebtedness of the Inn Pharmacy, Inc., in the sum of $1469.08, which is evidenced by its note past due since March 23, 1932, of which respondent was and is a holder in due course, and the agreement that they be offset against said indebtedness of the Inn Pharmacy, Inc., your respondent shows that it had a right to mature said certificates of deposit at any time and by maturing same the deposit of $528.26 became compensated by effect of law with an equal amount of the $1469.08 owed by the Inn

Pharmacy, Inc., to your respondent which was past due since March 23, 1932.

"Respondent shows further that under the Negotiable Instruments Act of 1904 (Act No. 64) it had a right to apply said deposit on the note which was past due and payable to respondent's order at its office in Marksville, Louisiana.

"VI. Alleges further that respondent had the further right to offset said deposit against the indebtedness of the Inn Pharmacy, Inc., for the reason that the note which represented the indebtedness of the Inn Pharmacy, Inc., of $1469.08, and which was signed by said Inn Pharmacy, Inc., had this provision on it:

" 'Unless this note be paid at its maturity, or when otherwise due, as herein provided, it shall become optional with said bank to apply to the payment and extinguishment of this note, and/or any other debt, liability or obligation, direct or contingent, due or to become due by the maker, endorsers, or all parties hereto, any money, securities or property on deposit with, in possession or under the control of, or held by said bank for any purposes whatever, to the credit of or belonging to any party hereto.'

"Shows that your respondent bank availed itself of said right agreed to by the Inn Pharmacy, Inc., on said note, and on September 7, 1932, applied the $528.26, the face value of said certificates of deposit as a credit on said note.

"Alleges that said certificates of deposit have been marked paid and are on file in your respondent's office at Marksville, Louisiana; a copy of said note is hereto attached and made a part hereof."

The Rapides Drug Company, Limited, by rule, traversed the answers of the garnishee and alleged said answers to be untrue, and further denied the right of garnishee to mature the certificates and apply the proceeds to the indebtedness of the Inn Pharmacy, Incorporated, to the defunct Citizens' Bank & Trust Company. It further denied that the Avoyelles Trust & Savings Bank acquired the liabilities of the Citizens' Bank & Trust Company or that it had the same right to act in regard to the affairs of the Citizens' Bank & Trust Company which, it is alleged, were taken over by the garnishee, as the Citizens' Bank & Trust Company had before going into liquidation.

There are numerous other contentions of the Rapides Drug Company, Limited, as to the rights and duties of the garnishee to act in regard to the affairs of the Citizens' Bank & Trust Company which are unnecessary to enumerate here for the reason that the record is barren of any evidence concerning the rights acquired by garnishee when it took over the affairs of the Citizens' Bank & Trust Company and reduced the deposits to 70 per cent. of the full amount and issued certificates therefor. All the documents and proceedings relative to the transfer of the affairs of the Citizens' Bank & Trust Company to the garnishee herein are indispensable to a proper decision of the case, and it is therefore necessary that we remand the case to the lower court to allow either party litigant to file in evidence the documents and proceedings executed and had in the transfer.

It is therefore ordered that the case be remanded to the lower court for that purpose.